# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT REPSHER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-202-RAW-SPS |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant, Robert Repsher, Jr., pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under the Social Security Act. The claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred, because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step

sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on September 17, 1951, and was 52 years old at the time of the hearing before the ALJ. He has a high school education and previously worked as a carpenter, millwright, maintenance worker, machinist, and tire store manager. The claimant alleges disability as of May 23, 2000, because of a back disorder and pain, leg pain, depression, and asthma.

## Procedural History

On October 24, 2002, the claimant protectively filed his application for disability benefits under Title II (42 U.S.C.§ 401 *et seq*.) and an application for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq*.). His applications were denied in their entirety initially and on reconsideration. After a hearing on February 17, 2004, ALJ Gene M. Kelly determined that the claimant was not disabled in a decision dated June 22, 2004. The Appeals Council denied review, so the decision of the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation process. He determined the claimant had the residual functional capacity ("RFC") to perform a limited range of medium work activity, lifting no more than 35 pounds occasionally nor more than 25 pounds regularly, avoiding frequent stooping and bending and all ladder climbing (Tr. 22). The ALJ concluded that although the claimant could not return to any of his past relevant work, he was nevertheless not disabled, as there was work he could perform in the national and regional economies, *e.g.*, production inspector, office cleaner, machine operator, and assembly work (Tr. 24).

**Review**

The claimant contends that the ALJ erred: (i) by improperly analyzing his credibility; (ii) by failing to recognize his diagnosed mental impairment as severe; and, (iii) by failing to include all of his limitations in the RFC determination. For the reasons discussed below, the undersigned Magistrate Judge finds that the claimant's second contention is dispositive, *i. e.*, that the case should be reversed and remanded for further discussion of the claimant's mental impairments, and the remaining contentions will not be discussed at this time.

With regard to his second contention, the claimant argues that the ALJ's explanation for rejecting his mental impairment was improper and not supported by the evidence. In this regard, the record reveals that the claimant reported a history of depression as early as April 2000, when he was seen by Dr. David Hicks, M.D., for complaints of pain in the cervical spine and low back (Tr. 152-53). He was seen on several occasions at the Oklahoma State Department of Health Local Health Services clinic in Okmulgee from May 2002 through August 2002, complaining of depression and requesting medication. In May 2002 the claimant indicated he was depressed and was suffering from insomnia. He was prescribed Prozac and given some Ambien (Tr. 183). He continued to take Prozac, but he was prescribed Elavil at his June 2002 appointment (Tr. 181). The claimant was prescribed Amitriptyline in July 2002 (Tr. 179). The claimant was noted to have been suffering from severe depression for the past year and a half in September 2003 (Tr. 203), and in December 2003, he requested an antidepressant but could not take Prozac, Zoloft, or Ativan (Tr. 202).

The claimant underwent a psychological evaluation at the ALJ's request with Stephanie C. Crall, Ph.D., on April 20, 2004. The claimant was cooperative with logical and intelligible speech, but he was very talkative and tangential and required a significant degree of redirection. He reported to Dr. Crall that he had experienced depression on a daily basis

since a work-related injury he suffered in September 2000 and that he often felt agitated, hopeless, restless, and that he had lost interest in previously enjoyed activities, had difficulty concentrating, and had a poor appetite and suicidal ideation. Although the claimant was not currently taking medication for his depression for financial reasons, he had taken Zoloft, Prozac, and Amitriptyline in the past. The claimant's examination indicated that his contact with reality was adequate, remote memory functioning appeared intact, and his general fund of knowledge was good. He performed serial threes incorrectly, but he was able to solve simple single-digit arithmetic problems in his head, with the exception of one. Dr. Crall assessed the claimant with major depressive disorder, moderate and chronic, and assigned him a Global Assessment of Functioning score ("GAF") of 48. She believed the claimant's condition was unlikely to improve or change significantly in the next twelve months and that he had been honest in providing information during the evaluation (Tr. 115-18).

Dr. Crall also completed a mental medical source statement based on her evaluation and determined the claimant had moderate limitations in the following areas: (i) the ability to understand and remember detailed instructions; (ii) the ability to maintain attention and concentration for extended periods; (iii) the ability to work in coordination with or proximity to others without being distracted by them; and, (iv) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Moderate limitations in these areas affected but did not preclude the ability to perform basic work functions. In her comments to the assessment, Dr. Crall noted the claimant was not receiving mental health treatment at the time of the evaluation because of a lack of transportation. She believed that some of the claimant's depressive symptoms were the result

of his financial situation and his stated inability to work. Dr. Crall indicated that the claimant's severity of symptoms might decrease if he was gainfully employed (Tr. 119-22).

A claimant has the burden of proof at step two of the sequential analysis to show that he has an impairment which is severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137 (1987). Basic work activities with regard to a mental impairment would include: understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work settings; and adapting to changes in the routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b). The determination is "based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the claimant's step-two burden only requires a "de minimis" showing of impairment. *Hawkins*, 113 F.3d at 1169. A finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352.

The ALJ determined that the claimant's problems with his back, right leg, and knee and his shortness of breath constituted severe impairments (Tr. 19). He noted one occasion on which the claimant had received medication from the health department for his depression, but noted that only the occasional dispensing of medication did not show the existence of a mental impairment, especially when there was no objective evidence showing a meeting of the diagnostic criteria to support such a diagnosis. The ALJ summarized Dr. Crall's evaluation, including the diagnosis of major depressive disorder and a GAF score of

48, and the findings made on the mental RFC statement, but he concluded that the mere diagnosis of depression was not enough to establish a significant impairment. He dismissed the claimant's GAF score and presumably Dr. Crall's other findings because they were based on a one-time examination and on the claimant's own description of his symptoms (Tr. 23).

Although an opinion from an examining physician who has seen a claimant only once is not entitled to the same amount of weight as that of a treating physician, *see Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician[.]"), in this instance there was no treating psychologist. The only medical evidence available came from Dr. Crall, and there is nothing to indicate that Dr. Crall's report and mental RFC assessment were incomplete or unsupported. Absent such evidence, the ALJ was simply substituting his own opinion for that of Dr. Crall, which he may not do. *See Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 743 (10th Cir. 1993) and *Kemp v. Bowen*, 816 F. 2d 1469, 1475 (10th Cir. 1987). Further, the ALJ's reasons for rejecting Dr. Crall's findings are suspect; although Dr. Crall did see the claimant only once, it was at the ALJ's request. In any event, the ALJ's primary reason for rejecting Dr. Crall's findings was that her report and mental RFC assessment were not based on objective medical evidence but instead upon the complaints and symptoms as related to her by the claimant. This is clearly not a legitimate reason for rejecting Dr. Crall's opinion. *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Langley*, 373 F.3d at 1122 (both noting "that a psychological opinion may rest either on observed signs and symptoms or on psychological tests" and that observations about a claimant's functional limitations "do constitute specific medical findings."), *citing* 20 C.F.R. Subpart P, App. 1 § 12.00 (B). *See also Thomas v. Barnhart*, 147 Fed.Appx. 755, 759-60 (10th Cir. Sept. 2,

2005) (finding that "[t]he practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements[,]" and that when an ALJ rejects an opinion on such a basis, it "impermissibly put[s] the ALJ in the position of judging a medical professional on the assessment of medical data.") [unpublished opinion]. Thus, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of Dr. Crall's opinion. If this analysis alters the claimant's RFC, the ALJ should then consider what impact, if any, the new RFC has on the claimant's ability to perform work.

**Conclusion**

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 11th day of December, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**